UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

ANTONIO TORAIN,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

---

Civil No. 11-3453 (PJS/AJB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Petitioner's self-styled application for habeas corpus relief under 28 U.S.C. § 2241.[1]  The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1.  For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[2]

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota.  He is seeking a writ of habeas corpus based on a document dated August 3, 2011, which

---

[1] This action was commenced in the United States District Court for the District of Columbia.  However, the case was transferred to the District of Minnesota, because Petitioner is currently incarcerated in Minnesota.  (See Order dated October 28, 2011; [Docket No. 3].)

[2] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241.  Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

purportedly was issued by the Clerk of the United States District Court for the District of Columbia, (hereafter "USDC-DC"). (Petition, [Docket No. 1], "Exhibit A.") The document states as follows:

> "I have searched both the Magistrate Index and the Criminal Index and have found no matters before this court where the above-referenced individual [namely, Petitioner, Antonio Torain] is a named defendant."

Based on this statement from the Clerk for the USDC-DC, Petitioner now claims that "he is being held illegally," and he is entitled to a writ of habeas corpus. (Petition, p. 2.) Petitioner obviously believes that if the Clerk of the USDC-DC has no record showing that he was named as a criminal defendant in any case in that District, then his current detention must be "illegal," and he should be immediately released from federal custody.

However, Petitioner has submitted a second document with his petition, ("Exhibit B"), which shows that he is currently serving a sentence imposed by the Superior Court for the District of Columbia – not the USDC-DC.[3] The second document shows that Petitioner was

---

[3] "In 1970, Congress reorganized the courts of the District of Columbia pursuant to its authority under Article I, § 8, cl. 17 of the Constitution.... The DCCRA [District of Columbia Court Reorganization Act of 1970] transferred 'all 'local' jurisdiction ... from the Federal courts to a new Superior Court of the District of Columbia and the District of Columbia Court of Appeals.'... Congress' intent was to give the District 'a court system comparable to those of the states,'... one 'separate and apart from the United States District Court and the United States Court of Appeals for the District of Columbia Circuit,'

JMM Corp. v. District of Columbia, 378 F.3d 1117, 1123 (D.C.Cir. 2004).

Criminal defendants who are convicted and sentenced in the Superior Court for the District of Columbia are committed to the custody of the United States Attorney General, and the Attorney General is authorized to confine them in "any available, suitable, and appropriate institutions," including facilities operated by the federal Bureau or Prisons. DC Stat § 24-201.26.

sent to prison by reason of a parole violation adjudicated in the Superior Court for the District of Columbia. Thus, it is hardly surprising that the Clerk of the USDC-DC has no record of any case involving Petitioner, and the absence of any such record is wholly irrelevant to the legality of Petitioner's current confinement.[4]

In sum, it clearly appears from Petitioner's own submissions that he is legally confined pursuant to a judgment entered against him in the Superior Court for the District of Columbia. The Court will therefore recommend that Petitioner's current habeas corpus petition be summarily dismissed with prejudice.[5]

Having determined that Petitioner has failed to present an actionable claim for habeas corpus relief, the Court will further recommend that Petitioner's pending application for leave to proceed in forma pauperis, (Docket No. 2), be summarily denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained).

---

[4] Petitioner also contends that the Bureau of Prisons "inmate data system no longer has any records on file pertaining to the Petitioner." (Petition, p. 2.) However, that averment is also plainly belied by "Exhibit B" attached to the petition.

[5] The Court notes that Petitioner apparently commenced this action before he fully exhausted the administrative remedies provided by the federal Bureau of Prisons. Ordinarily, a federal court will not consider habeas corpus claims raised by a federal prisoner, unless the prisoner has already exhausted all available administrative remedies for his claims. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000) (per curiam); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993); Leighnor v. Turner, 884 F.2d 385, 387 (8th Cir. 1989). In this case, Petitioner's apparent failure to exhaust his administrative remedies will be overlooked, because it is so obvious that his petition must be dismissed on the merits. However, Petitioner should be mindful of the exhaustion requirement if he ever contemplates filing another habeas corpus petition.

## RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be **DENIED**;

2. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be **DENIED**; and

3. This action be summarily **DISMISSED WITH PREJUDICE**.


Dated: December 12, 2011

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
Chief United States Magistrate Judge


Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before December 26, 2011.